KAREN NELSON MOORE, Circuit Judge,
concurring in part and concurring in the judgment.
I join the majority opinion in nearly every respect, but I write separately because I believe that the government violated Tab’s right to remain silent under Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). However, because I agree with the majority’s conclusion that any Doyle error was harmless in this case due to overwhelming evidence of Tab’s guilt, I concur in the judgment.
Tab notes that his girlfriend Erica McClain spoke with ■ him “while he was incarcerated and subsequent to his retention of counsel,” Appellant Br. at 48, and contends that the prosecutor’s repeated questioning of McClain at trial about whether Tab had ever discussed his case with her during her visits with him at the jail violated his right to remain silent. See J.A. at 402-03 (Trial Tr. at 1239-40). “When a defendant is in the presence of the government, he has the right to remain silent in the face of questioning, whether the questioning is from a private individual or the police.” Franklin v. Duncan, 884 F.Supp. 1435, 1447 (N.D.Cal.), aff'd, 70 F.3d 75 (9th Cir.1995). Given the “well-known need for correctional institutions to monitor inmate conversations,” United States v. Madoch, 149 F.3d 596, 602 (7th Cir.1998), when a defendant in custody chooses to remain silent and declines to discuss his case, that silence may not be used against him.
Tab’s case differs from United States v. Henry, 206 Fed.Appx. 452, 457 (6th Cir. 2006), in that the government in Henry did not refer to the defendant’s silence while in custody, the government’s remark in Henry was used to impeach the testifying defendant, and the comment in Henry was a single, isolated statement, unlike the repeated questioning of McClain at Tab’s trial.
In sum, I believe that a Doyle error occurred in this case, but that the error was harmless for the reasons stated in the majority opinion.